Ashishkumar Patel, Esq, SBN 207293
**LAW OFFICE OF ASHISHKUMAR PATEL, APC**
2102 Business Center Drive, Suite 130
Irvine, CA 92612
Tel: (949) 253-4192
Fax: (949) 253-4193

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL BURKE, an individual,<br><br>       Plaintiffs,<br><br>vs.<br><br>NATIONSTAR MORTGAGE LLC, a Texas limited liability company; and DOES 1 to 20, inclusive,<br><br>       Defendants. | **Case No: 8:13-CV-00537-DOC-RNBx**<br>**The Honorable David O. Carter Presiding**<br><br>**OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**<br><br>Hearing Date: March 10th , 2014<br>Time: 8:30am<br>Ctrm.: 9D |

1

# <u>TABLE OF AUTHORITIES</u>

Cases

*Ansanelli v. JP Morgan Chase Bank, N.A.,*
  C 10-03892 WHA, 2011 WL 1134451 (N.D. Cal. Mar. 28, 2011) .................... 17

*Ashcroft v. Iqbal,*
  556 U.S. 662 (2009) ........................................................ 8

*Baidoobonso-Iam v. Bank of Am. (Home Loans),*
  CV 10-9171 CAS MANX, 2011 WL 3103165 (C.D. Cal. July 25, 2011) ......... 17

*Bell Atlantic Corp. v. Twombly,*
  550 U.S. 544 (2007) ........................................................ 8

*Boon Rawd Trading Int'l Co., Ltd. v. Paleewong Trading Co., Inc.,*
  688 F. Supp. 2d 940 (N.D. Cal. 2010) ............................... 16, 17

*Careau & Co. v. Sec. Pac. Bus. Credit, Inc.,*
  222 Cal. App. 3d 1371 (Cal. Ct. App. 1990) ......................... 19

*Cusano v. Klein,*
  264 F.3d 936 (9th Cir. 2001) ........................................ 12

*Darrow v. Robert A. Klein & Co.,*
  111 Cal. App. 310, 295 P. 566 (1931) ................................ 12

*Epstein v. Washington Energy Co.,*
  83 F.3d 1136 (9th Cir. 1996) ......................................... 9

*Hafiz v. Greenpoint Mortgage Funding, Inc.,*
  652 F. Supp. 2d 1039 (N.D. Cal. 2009) .............................. 17

*Haley v. Dow Lewis Motors, Inc.,*
  72 Cal. App. 4th 497 (1999) .......................................... 12

*Hamilton v. State Farm Fire & Cas. Co.,*
  270 F.3d 778 (9th Cir. 2001) ...................................... 9, 11

*Harris v. Time, Inc.,*
  191 Cal. App. 3d 449 (Cal. Ct. App. 1987) ......................... 15

*Helfand v. Gerson,*
    105 F.3d 530 (9th Cir. 1997) ............................................................. 9

*Hemenway v. Abbott,*
    8 Cal. App. 450, 97 P. 190 (1908) ..................................................... 12

*In re Arbuckle's Estate,*
    98 Cal. App. 2d 562, 220 P.2d 950 (1950) ......................................... 12

*In re Cover's Estate,*
    188 Cal. 133, 204 P. 583 (1922) ........................................................ 12

*Interstate Fire & Cas. Co., an Illinois Corp. v. Underwriters at Lloyd's, London,*
    139 F.3d 1234 (9th Cir. 1998) ........................................................... 9

*Johnson v. State, Oregon Dep't of Human Res., Rehab. Div.,*
    141 F.3d 1361 (9th Cir. 1998) ........................................................... 11

*Jolley v. Chase Home Fin., LLC,*
    213 Cal. App. 4th 872(2013) ............................................................ 14

*Kane v. Nat'l Union Fire Ins. Co.,*
    535 F.3d 380 (5th Cir. 2008) ............................................................. 10

*Lapper v. SunTrust Mortgage, N.A.,*
    2:13-CV-04041-ODW, 2013 WL 2929377 (C.D. Cal. June 7, 2013) ............... 14

*Lee v. City of Los Angeles,*
    250 F.3d 668 (9th Cir. 2001) ............................................................. 9

*Pineda v. Bank of Am., N.A.,*
    50 Cal. 4th 1389 (2010) .................................................................... 12

*Porter v. Jones,*
    319 F.3d 483 (9th Cir. 2003) ............................................................. 8

*Postley v. Harvey,*
    153 Cal. App. 3d 280 (Cal. Ct. App. 1984) ......................................... 22

*Ryan Operations G.P. v. Santiam-Midwest Lumber Co.,*
    81 F.3d 355 (3d Cir. 1996) ............................................................... 10

OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

*Sateriale v. R.J. Reynolds Tobacco Co.,*
    697 F.3d 777 (9th Cir. 2012) .................................................................. 15

*Singh v. Bank of Am., N.A.,*
    2:13-CV-00729-MCE-AC, 2013 WL 1759863 (E.D. Cal. Apr. 24, 2013) ......... 18

*Smith v. City & Cnty. of San Francisco,*
    225 Cal. App. 3d 38 (Cal. Ct. App. 1990) .............................................. 15

*Spencer v. DHI Mortgage Co., Ltd.,*
    642 F. Supp. 2d 1153 (E.D. Cal. 2009) .................................................. 15

*Sprewell v. Golden State Warriors,*
    266 F.3d 979 ........................................................................................ 9

*State of Ariz. v. Shamrock Foods Co.,*
    729 F.2d 1208 (9th Cir. 1984) ............................................................... 10

*Sutcliffe v. Wells Fargo Bank, N.A.,*
    283 F.R.D. 533 (N.D. Cal. 2012) ........................................................... 17

*Valdez v. JDR LLC,*
    CV 04-1620-PHX-JAT, 2006 WL 2038456 (D. Ariz. July 20, 2006) ............... 10

Statutes

BUSINESS AND PROFESSIONS CODE §17200 ........................................... 13

Cal. Civ. Code § 2923.6(c) (West 2013) ...................................................... 18

CCP§ 2923.7 ............................................................................................ 14

Rules

FED. R. CIV. P. 8(a)(2) .............................................................................. 8

# I.  **INTRODUCTION**

A brief summary of Plaintiff's loan history is provided in outline form by Plaintiff.  A true and correct copy of Plaintiff's outline is attached as Exhibit A.

The material issue revolves around the promise Nationstar granted Plaintiff that it would not proceed with the foreclosure sale during the loan modification process agreed upon on July 1st, 2012 (SAC, Page 2, ¶ 5, lines 24-28).

Plaintiff learned that on July 1st, 2012, his loan had been transferred from Aurora Loan Service to Nationstar. Soon thereafter, Plaintiff contacted Nationstar about modifying his Subject Property mortgage loan.  Nationstar's representative informed him that they would consider him for a loan modification.  When Plaintiff asked about any possible foreclosure, the representative stated that as long as Plaintiff was diligent in providing the documents, Nationstar would not foreclose on his Subject Property. Thereafter, Nationstar sent Plaintiff the modification packet.  Plaintiff waited for Nationstar to send him a loan modification packet.

On or about October 11th, 2012, Plaintiff faxed the Nationstar modification packet ("packet") to NationStar.  Plaintiff could not fax his packet since he repeatedly received a busy signal from multiple fax numbers from Nationstar representatives named spoke with Christian (ID#6067) and Katrina (ID#3185). On

October 15th, 2012, Plaintiff was finally able to complete the faxing of the packet to Nationstar.

On November 14th, 2012, Plaintiff spoke to Robert Dotras in the Nationstar Modification Department.  Mr. Dotras informed Plaintiff that Plaintiff will have to send Nationstar his 2011 personal tax return, any K-1, and any business related tax return.

On or about November 15th, 2012, Plaintiff emailed Mr. Dotras Plaintiff's 2011 tax returns and related documents.  On November 29th, 2012, due to Mr. Dotras's failure to respond to his call, he spoke to Katrina (ID#3185), who informed him that Nationstar had not received Plaintiff's tax returns, and to email her the returns directly.  Katrina provided Plaintiff with her own email address.  On December 7th, 2012, Plaintiff emailed Katrina all of the 2011 Tax Returns signed and dated.

Plaintiff had provided Nationstar with the full modification packet and all of the financial documents they are requested.  This was further supported by Nationstar's assignment of a case manager, Kimberly Milligan.

Moreover, Homeowner's Bill of Rights is triggered.  Nationstar was conducting a loan modification review of Plaintiff in 2013, during the time of the Statute's activation and enforceability.  Consequently, any violation of the Statute would be enforceable, as evidenced herein.

Supposedly, Nationstar identified Ms. Milligan as the single point of contact ("SPOC"). Despite being the SPOC, Plaintiff never once spoke with Ms. Milligan, as every time he called she did not answer, and her voicemail box was full.

Nationstar did not assign a single point of contact and never responded to Plaintiff within 30 days.   On or about January 3rd, 2013, Nationstar's Underwriting Department sought further supplemental documents, all of which were faxed on January 7th, 2013 to Ms. Milligan.

On January 23rd, 2013, Nationstar's Jase Litton (ID#73000) called Plaintiff and stated that his 1099 R Pension Income form was missing.  The income missing is approximately $1,000 from 2011.  That same day, Plaintiff immediately emailed Nationstar's Jason Gates the form.

On January 24th, 2013, Plaintiff called to verify that Nationstar had received the document.  Plaintiff asked that since all documents had been provided, that Nationstar postpone the January 28th foreclosure sale date.  Nationstar refused to postpone the foreclosure sale date which goes against the information that Nationstar stated on July 1st, 2012, that if Plaintiff was diligently submitting his documents, Nationstar would postpone any and all foreclosure procedures.

The promise Nationstar granted Plaintiff that it would not proceed with the foreclosure sale during the loan modification process Nationstar is liable.

OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

## II.   ARGUMENT

### A.   LEGAL STANDARD

"To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint generally must satisfy only the minimal notice pleading requirements of Rule 8(a)(2)." *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). For a complaint to sufficiently state a claim, its "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Id.* Rather, to overcome a 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)(internal quotation and citation omitted). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement of relief." *Id.*(internal quotation and citation omitted).

OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

When considering a 12(b)(6) motion, a court is generally limited to considering materials within the pleadings and must construe "[a]ll factual allegations set forth in the complaint . . . as true and . . . in the light most favorable to [the plaintiff]." See *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001)(citing *Epstein v. Washington Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996)). A court is not, however, "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 *opinion amended on denial of reh'g*, 275 F.3d 1187 (9th Cir. 2001).

## B.   PLAINTIFF IS NOT JUDICIALLY ESTOPPED FROM MAINTAINING THIS ACTION

As the Court stated in *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778 (9th Cir. 2001) the following consideration are generally weighed in determination of whether to apply judicial estoppel: 1) has a potential claim been omitted by the debtor; 2) did the court in the prior litigation adopt and rely on an inconsistent assertion to the position now taken in the subsequent litigation (also see *Interstate Fire & Cas. Co., an Illinois Corp. v. Underwriters at Lloyd's, London*, 139 F.3d 1234, 1239 (9th Cir. 1998); and, 3) was the debtor's prior position based on inadvertence or mistake (see *Helfand v. Gerson*, 105 F.3d 530, 536 (9th Cir. 1997). Several cases have also considered benefit or detriment to the

creditors (*Kane v. Nat'l Union Fire Ins. Co.*, 535 F.3d 380, 387-388 (5th Cir. 2008), and or integrity of the proceedings. (*State of Ariz. v. Shamrock Foods Co.*, 729 F.2d 1208, 1215 (9th Cir. 1984).

In *Ryan Operations G.P. v. Santiam-Midwest Lumber Co.*, 81 F.3d 355 (3d Cir. 1996) the Court discussed the balancing of policy considerations and discretion of the court in determining whether to apply judicial estoppel where there had been a previously omitted claim in a prior action:

"Judicial estoppel is an extraordinary remedy to be invoked when a party's inconsistent behavior will otherwise result in a miscarriage of justice. It is not meant to be a technical defense for litigants seeking to derail potentially meritorious claims, especially when the alleged inconsistency is insignificant at best and there is no evidence of intent to manipulate or mislead the courts. Judicial estoppel is not a sword to be wielded by adversaries unless such tactics are necessary to secure substantial equity." *Id.* at 364.

Further, it is unnecessary to apply judicial estoppel to protect the integrity of the judicial system or this present proceeding, as the court can better protect the integrity of the judicial system by denying Defendant's motion, as prosecution of this case will better achieve the doctrine's purpose of securing substantial equity for the benefit of creditors. (See also *Valdez v. JDR LLC*, CV 04-1620-PHX-JAT, 2006 WL 2038456 (D. Ariz. July 20, 2006)(judicial estoppel denied on summary

OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

judgment where no evidence of intentional misrepresentation in omitting debt in plaintiff's Chapter 7 bankruptcy).

Defendant has not provided any evidence of intent on the part of Plaintiff to manipulate or deceive the creditors or the bankruptcy court or Bankruptcy Trustee relating to any potential claim against Defendant. "If incompatible positions are based not on chicanery, but only on inadvertence or mistake, judicial estoppel does not apply." *Johnson v. State, Oregon Dep't of Human Res., Rehab. Div.*, 141 F.3d 1361, 1369 (9th Cir. 1998)(emphasis added).  As Defendant presents no evidence that Plaintiff acted in bad faith or affirmatively to concealed the potential claim against Defendant from the bankruptcy court, the court should not apply judicial estoppel under the facts of this case.

It should also be noted that *Hamilton*, 270 F.3d 778, relied on by Defendant, is completely distinguishable from the case at hand as in Hamilton **plaintiff Deliberately Concealed** the possible suit against his insurance carrier from the bankruptcy court. *Id.* at 781(emphasis added).  Clearly, there is no evidence of intent to deceive the Court by Plaintiff in this case, and no such evidence has been provided by the Defendant.

1. *A Plaintiff's Post Bankruptcy Civil Action need not be brought by the estate of the Plaintiff when the cause of action accrued after the Bankruptcy discharge.*

"A debtor has no duty to schedule a cause of action that did not accrue prior to bankruptcy." *Cusano v. Klein*, 264 F.3d 936, 947 (9th Cir. 2001). In this context, state law controls when a cause of action accrues. *Id.* Generally, a claim or cause of action "accrues at the time when the cause of action is complete with all of its elements." *Pineda v. Bank of Am., N.A.*, 50 Cal. 4th 1389, 1397 (2010). Plaintiff's causes of actions were not part of the bankruptcy estate, as the alleged actions occurred afterwards, and therefore Plaintiff had standing to prosecute those claims; claims did not arise from an asset in bankruptcy estate. *Haley v. Dow Lewis Motors, Inc.*, 72 Cal. App. 4th 497 (1999). Thus, Defendant's Motion to Dismiss should be denied.

### C.    DUTY UNDER CONSTRUCTVE FRAUD IS MET THROUGH PLAINTIFF'S TRUST AND CONFIDENCE

To reiterate, an alternative theory of liability to the traditional look of Fraud is termed Constructive Fraud. Constructive fraud consists of:

> "Constructive fraud usually arises from a breach of duty where a relation of trust and confidence exists. *569 *Darrow v. Robert A. Klein & Co.*, 111 Cal. App. 310, 315, 316, 295 P. 566 (1931). **A confidential relation may be said to exist whenever trust and confidence is reposed by one person in the integrity and fidelity of another.**" *In re Cover's Estate*, 188 Cal. 133, 143, 204 P. 583 (1922); *Hemenway v. Abbott*, 8 Cal. App. 450, 463, 97 P. 190 (1908); 37; cited under *In re Arbuckle's Estate*, 98 Cal. App. 2d 562, 568-69, 220 P.2d 950, 955 (1950)[Emphasis added].

a.    **Reposed**

Plaintiff was reposed or trusted Nationstar that when it stated that it would not continue with any foreclosure proceedings until it had an opportunity to review Plaintiff.

### b.   The integrity and fidelity of another

Plaintiff trusted in the integrity and fidelity of Nationstar's statement. Thus, Plaintiff is not arguing under a fiduciary or duty purview.  Plaintiff relied upon Nationstar's guarantee that it would not do something.  That something is not to begin the foreclosure process.

### c.   Duty defined as Trust and Confidence

Under Constructive Fraud, duty does rely upon a strict definition defining a fiduciary.  This is so, since Constructive Fraud is an alternative theory of liability from a traditional Fraud cause of action.  Thus, duty is dependent upon a confidential relationship.  This exists when Plaintiff provided his very personal social security number, banking tax statements, and financial statements to Nationstar.  Plaintiff had confidence and believed Nationstar's assurances that as he was being evaluated, no foreclosure proceedings would occur.

As such, Constructive Fraud is triggered when Nationstar broke its promise.

## D.   NATIONSTAR FRAUDULENTLY VIOLATED THE BUSINESS AND  PROFESSIONS CODE §17200 BY DUAL-TRACKING

OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

a.    **Unfair Business Practices**

This Court has properly ruled upon this cause of action.

b.    **Fraudulent Business Practices**

Fraud is shown by Nationstar breaking it promise of not moving forward with the foreclosure.  Plaintiff was in contact with Nationstar and provided loan modification documents to: Christian (ID#6067), Katrina (ID#3185), Robert Dotras, Jase Litton (ID#73000), and supposedly Kimberly Milligan. From on or about October 11th, 2012 through January 24th, 2013, Plaintiff sent and verified that Nationstar received every document it requested.  Plaintiff raises  violations under the Homeowners Bill of Rights also requires lenders to a designate a "single point of contact" for borrowers to request foreclosure alternatives and provide the borrower one or more direct means of communicating with that point of contact. CCP§ 2923.7.

"The dual-tracking provision, the single-point-of-contact provision is intended to prevent borrowers from being given the run around, being told one thing by one bank employee while something entirely different is being pursued by another." *Jolley v. Chase Home Fin., LLC*, 213 Cal. App. 4th 872, 904 (2013), as modified on denial of reh'g (Mar. 7, 2013), review filed (Mar. 26, 2013), review denied (May 22, 2013),, as modified on denial of reh'g (Mar. 7, 2013), review filed (Mar. 26, 2013), review denied (May 22, 2013),; cited under *Lapper*

*v. SunTrust Mortgage, N.A.*, 2:13-CV-04041-ODW, 2013 WL 2929377 (C.D. Cal. June 7, 2013). While working on Plaintiff's modification, Nationstar posted a January 28th, 2013 sale date.

### E.   NATIONSTAR BREACHED THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

Accordingly, the law states, "The prerequisite for any action for breach of the implied covenant of good faith and fair dealing is the existence of a contractual relationship between the parties, since the covenant is an implied term in the contract." *Smith v. City & Cnty. of San Francisco*, 225 Cal. App. 3d 38, 49 (Cal. Ct. App. 1990); cited under *Spencer v. DHI Mortgage Co., Ltd.*, 642 F. Supp. 2d 1153, 1165 (E.D. Cal. 2009).

Plaintiff was offered the opportunity to be reviewed in return for him to submit a loan modification packet. Nationstar broke this promise.

### a.   Loan Modification Packet & Unilateral Contract

Plaintiff believes that a unilateral contract was formed. "A unilateral contract involves the exchange of a promise for a performance." See *Harris v. Time, Inc.*, 191 Cal. App. 3d 449 (Cal. Ct. App. 1987). "The offer is accepted by rendering a performance rather than providing a promise;" cited under *Sateriale v. R.J. Reynolds Tobacco Co.*, 697 F.3d 777, 785 (9th Cir. 2012).

Nationstar **promised** it would not begin the foreclosure process if Plaintiff **performed** by diligently providing Nationstar with documents it requested. Plaintiff complied, and sent every document Nationstar requested, even sending Nationstar his tax return more than once.

Regrettably, Nationstar broke its promise and began working on foreclosing Plaintiff's property anyway.  By this action, Nationstar breached the Implied Covenant of Fair Dealing by, in essence, by working on the foreclosure while simultaneously requesting loan modification documents.

Nationstar broke the Implied Covenant of Good Faith and Fair Dealing.

**F.   PROMISSORY ESTOPPEL:  PLAINTIFF RELIED UPON NATIONSTAR'S PROMISE TO STOP WORKING ON THE FORECLOSURE OF THE PROPERTY**

the Court is correct when it states, "in California,  Promissory Estoppel has four basic elements: "(1) a promise that is clear and unambiguous in its terms; (2) reliance by the party to whom the promise was made; and (3) the reliance must be reasonable and foreseeable; and the party asserting the estoppel must be injured by his or her reliance." *Boon Rawd Trading Int'l Co., Ltd. v. Paleewong Trading Co., Inc.*, 688 F. Supp. 2d 940, 953 (N.D. Cal. 2010) (citation omitted).

The purpose of promissory estoppel "is to make a promise that lacks consideration (in the usual sense of something bargained for and given in

---

OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

exchange) binding under certain circumstances." *Boon Rawd Trading Int'l Co., Ltd.*, 688 F. Supp. 2d at 953.

Here, in *Wigod v. Wells Fargo Bank, N.A., United States Court of Appeals*, 7th District, No. 11-1423 and *Ansanelli v. JP Morgan Chase Bank, N.A.*, C 10-03892 WHA, 2011 WL 1134451 (N.D. Cal. Mar. 28, 2011):

> **"Plaintiffs' allegations are sufficient to show that their promise was supported by consideration to the extent that they were required to submit financial documents that were not required under the original loan.** Plaintiffs also agreed to go to credit counseling if asked to do so. Accordingly, Plaintiffs have adequately alleged consideration to survive a motion to dismiss, Cited under *Sutcliffe v. Wells Fargo Bank, N.A.*, 283 F.R.D. 533, 552-53 (N.D. Cal. 2012). [Emphasis added]

In this case, Plaintiff diligently sent to Nationstar redundant copies of documents that it requested.  As stated before, Plaintiff has accurate records to prove this allegation.

Thus, Plaintiff has met every element under Promissory Estoppel including Consideration. As such, Promissory Estoppel should proceed as a valid cause of action.

## G.   DEMAND FOR ACCOUNTING

"An accounting may take the form of either a legal remedy or an equitable claim." *Hafiz v. Greenpoint Mortgage Funding, Inc.*, 652 F. Supp. 2d 1039, 1043 (N.D. Cal. 2009); cited under *Baidoobonso-Iam v. Bank of Am. (Home Loans)*, CV 10-9171 CAS MANX, 2011 WL 3103165 (C.D. Cal. July 25, 2011).  The

facts haven't changed there is and was a relationship between and among

Nationstar and Plaintiff in which these Nationstar received mortgage payments

from Plaintiff.  The Nationstar has a legal duty to accurately and timely account

for these payments and apply these payments to the trust deed mortgage.

Only Nationstar has the information as to how they received, accounted for,

and applied the mortgage payments tendered by Plaintiff in this matter.

Moreover, after Plaintiff provided every document that Nationstar

requested, it repeatedly asked for documents thereafter.  Plaintiff would like an

accounting of every receipt that it received from Aurora and receipts that

Nationstar holds through its own accounting regarding the Plaintiff's file.

## H.    ALTERNATIVELY, IF THE COURT RULES IN FAVOR OF THE DEMURRER, PLAINTIFF REQUESTS THE OPPORTUNITY TO AMEND THE COMPLAINT

Simply put, Nationstar dual tracked. The law states, "if a borrower submits

a complete application for a first lien loan modification ... the mortgage servicer ...

shall not record a notice of default or notice of sale, or conduct a trustee's sale,

while the complete first lien loan modification application is pending." Cal. Civ.

Code § 2923.6(c) (West 2013); cited under *Singh v. Bank of Am., N.A.*, 2:13-CV-

00729-MCE-AC, 2013 WL 1759863 (E.D. Cal. Apr. 24, 2013).  Plaintff begs the

court to amend his Complaint to reflect Nationstar's harm under California

Homeowner's Bill of Rights.  Plaintiff cites, *Careau & Co. v. Sec. Pac. Bus. Credit, Inc.*, 222 Cal. App. 3d 1371, 1405 (Cal. Ct. App. 1990)), "moreover, as we are unable to conclude from the fact of the pleading that it is legally incapable of amendment, it would be an abuse of discretion to deny plaintiffs an opportunity to amend the allegations of this cause of action.  (*Postley v. Harvey*, 153 Cal. App. 3d 280, 287 (Cal. Ct. App. 1984)).  Therefore, we conclude that it was error to sustain Defendant's demurrer without leave to amend."  As such, Plaintiff respectfully requests the opportunity to amend the Complaint.

## III.    CONCLUSION

Simply put, Plaintiff has adequately shown why this case should go directly to trial with a jury of his peers.  Nationstar has indeed committed the harm as alleged proved through Plaintiff's evidence.

Law Office Of Ashishkumar Patel, APC

Dated: 2|14|14                     BY: _____

Ashish A. Patel, Esq.
Attorneys for Plaintiff

# EXHIBIT A

Good Morning Ashish,

Please refer to the information below. I have updated the monthly communications with Aurora to reflect quotes from Aurora representatives.

August 2010: Spoke with Aurora customer service rep. regarding my loan. I informed Aurora about my other properties and the issues that existed as it relates to delinquent tenants and the desire to rework the loan to make the terms more favorable regarding monthly payments. At this point I was told the loan was not yet in a delinquent status and that **"you should continue to make my payments to maintain a satisfactory standing".**

September 2010: Spoke with Aurora customer service rep. regarding my loan. I was told once again to try to make my payments on time.

Oct. 2010: Spoke with Aurora customer service rep. regarding my loan. I informed the CSR that my bankruptcy filing had taken place and expressed my desire to rework my loan in order to maintain ownership of the property after the bankruptcy was discharged. I was told that Aurora would not discuss my loan with me until the bankruptcy had been finalized. I was also told that, **"as long as you are employed you won't have any problem getting your loan modified once your bankruptcy is resolved".**

Nov. 2010: Once again I spoke with Aurora customer service rep. regarding my loan. Once again, I informed the CSR that my bankruptcy filing had taken place and expressed my desire to rework my loan in order to maintain ownership of the property after the bankruptcy was discharged. Once again, I was told that Aurora would not discuss my loan with me until the bankruptcy had been finalized. I was assured again that, **" provided you are employed the chances of you getting a loan modification are excellent".**

December 2010: In late December of 2010 I informed Aurora Loan Services that my Bankruptcy had been dismissed and that I wanted to speak with someone regarding a Loan Modification. I was told at that point that Aurora would send me a request for Loan Modification and never received any correspondence in this regard. I was informed that **"your bankruptcy status will not affect your loan modification status, and we can work with you to save your home".**

January 2011: Once again, in early January of 2011, I informed Aurora Loan Services that my Bankruptcy had been dismissed and that I wanted to speak with someone regarding a Loan Modification. I was told that Aurora needed to **"we need to get clearance from the Trustee in order to have any discussions regarding your loan".** When I faxed my paperwork from the Court to Aurora I was told that they **"would be contacting me via mail to send the proper paperwork to determine if I qualified for a loan modification."** I sent back the paperwork regarding the modification and was informed that I did not qualify for a modification at this time due to my bankruptcy status.

February 2011: Spoke with an Aurora Loan Services customer service representative and detailed my chronology of communications in relation to attempting to modify the terms of my loan. I had indicated to the CSR that other Banks were modifying loans while borrowers were in the midst of bankruptcy proceedings. The reply from the CSR was very firm and rude indicating that **"Aurora Loan Services does not discuss loan modifications with anyone during bankruptcy proceedings".**

March 2011: Attempted to initiate a dialog with a CSR from Aurora Loan Services regarding the possibility of modifying the terms of my loan. I was informed that **"although you are in bankruptcy proceedings Aurora will definitely work with you to maintain ownership of your property since we have many programs available to homeowners to save their property. We don't want you to lose your home. We will work with you to maintain ownership".** I was sent a HAMP application and was denied in April of 2011 due to the fact that the property was not owner occupied. I inquired about the possibility to apply for a different loan modification program and was told that Aurora needed to **"get clearance from the Trustee in order to have any discussions regarding my loan".**

May 2011: In a final attempt to convince Aurora to agree to allow me to keep my terms of the loan, I was denied due to my bankruptcy not yet being discharged. I was informed that after my bankruptcy that, "**you will be eligible for a modification to your loan as long as you are employed**".

Please refer to all of the emails I forwarded earlier today as it relates to the chronology of events that took place between NJW Law and Aurora Loan Services. Thanks for all of your assistance to date.

Best Regards,
Mike Burke

## <u>PROOF OF SERVICE</u>

**STATE OF CALIFORNIA**       )
                                                    )
**COUNTY OF ORANGE**          )         **ss**

      I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action; my business address is: 2102 Business Center Dr., Irvine, CA 92612.

      On February 14, 2014, I served the foregoing document described as: **OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT** to the interested parties in this action by placing the true copies there of enclosed in sealed envelopes addressed as stated as follows:

**Parisa Jassim**
**Akerman Senterfitt LLP**
**725 S. Figueroa St., 38th FL**
**Los Angeles, CA 90017**

_____ (BY MAIL) I am readily familiar with the firm's practice of collection and processing correspondence for mailing with the United States Postal Service and that the documents are deposited with the United States Postal Service the same day as the day of the collection in the ordinary course of business.  The sealed envelope with postage fully prepaid was placed for collection and mailing on the above date following ordinary business practices.

**<u>XXX</u>**  (Served Electronically Via the Court's CM/ECF System)

_____ (BY FACSIMILE) I caused the above-referenced document(s) to be transmitted to the above named person(s) at the following telefax number(s) listed hereinabove.

_____ (BY EMAIL) I caused the above-referenced document(s) to be transmitted to the above named person(s) at the following email(s) listed hereinabove.

      I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

                                    _____*/s/ Bennett Westberg*_____
                                      Bennett Westberg